UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC EUGENE GREEN,<br><br>                      Plaintiff,<br><br>v.<br><br>DR. B. THIESSEN, et al.,<br><br>                      Defendants. | Case No.: 3:17-cv-01156-JAH-BLM<br><br>**ORDER:**<br><br>**(1) SUSTAINING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATION RELATING TO EXHAUSTION [ECF NOS. 91, 92];**<br><br>**(2) ADOPTING IN PART AND DECLINING TO ADOPT IN PART THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATION [ECF NO. 89];**<br><br>**(3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S EIGHTH AMENDMENT CLAIMS [ECF NO. 71]; AND**<br><br>**(4) OVERRULING PLAINTIFF'S OBJECTIONS TO THE ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL, IMPOSE SANCTIONS, AND FOR ADDITIONAL DISCOVERY [ECF NO. 94]** |

## INTRODUCTION

This matter comes before the Court on Defendants Dr. B. Thiessen, M. Lopez, and R. Solis' ("Defendants") motion for summary judgment ("MSJ"), the Report and Recommendation ("R&R") of the Honorable Ruth Bermudez Montenegro, United States District Judge, and objections thereto filed by Plaintiff Cedric Eugene Green ("Plaintiff"). (ECF Nos. 71, 89, 91, 92). In addition, Plaintiff has filed objections to Judge Montenegro's Order denying his motions to compel, impose sanctions, and for additional discovery. (ECF No. 94). After careful consideration of the entire record, and for the reasons set forth below, the Court **SUSTAINS** Plaintiff's objections to the R&R relating to administrative exhaustion (ECF Nos. 91, 92); **ADOPTS in part** and **DECLINES TO ADOPT in part** the R&R (ECF No. 89); **GRANTS in part** and **DENIES in part** Defendants' MSJ (ECF No. 71); and **OVERRULES** Plaintiff's objections to the Order denying his discovery motions. (ECF No. 94).

## BACKGROUND

On June 8, 2017, Plaintiff, an inmate incarcerated at California Men's Colony[1] and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against a staff psychologist and two correctional officers at R.J. Donovan State Prison ("RJD"), alleging deliberate indifference to his health and safety in violation of the Eighth Amendment. ("Compl.", ECF No. 1 at 1-10). The complaint alleges, *inter alia*, that on July 14, 2016, while on duty at RJD, Defendants either prevented or denied medical care that resulted in deterioration of Plaintiff's mental health, causing him to attempt suicide by

---

[1] On April 15, 2022, the Court mailed an Order of Judge Transfer (ECF No. 96) to Plaintiff, but it was returned as undeliverable on April 20, 2022. (ECF No. 97). The returned envelope stated, "Paroled/Discharged." (*Id.*) The Court takes judicial notice of the California Department of Corrections and Rehabilitation's website inmate locator system, https://inmatelocator.cdcr.ca.gov/search.aspx, that indicates Plaintiff cannot be located as currently in custody. *See* Fed. R. Evid. 201. Plaintiff has not updated the Court with his current address, as California Men's Colony is the last known address.

cutting his left wrist with a razor blade. (*Id.* at 2-12).  On October 26, 2017, Defendants filed an answer to the complaint. (ECF No. 8).

On August 19, 2018, Plaintiff filed a motion to compel and a motion for sanctions against Defendants for their failure to comply with a Court order to compel discovery. (ECF No. 57).  On October 24, 2018, the magistrate judge held an informal discovery conference with Plaintiff and defense counsel to discuss the discovery dispute. (ECF No. 66).

On October 26, 2018, Defendants filed a motion for summary judgment arguing that they are entitled to summary judgment because there is no evidence to support Plaintiff's claims, and Plaintiff failed to exhaust administrative remedies before filing the instant lawsuit. ("MSJ", ECF No. 71-1).

On November 21, 2018, Defense counsel replied to Plaintiff's motion to compel and motion for sanctions via declaration and lodged with the Court all the documents propounded on Plaintiff in satisfaction of his discovery requests. (ECF No. 79).  On December 2, 2018, Plaintiff filed a motion for leave to obtain an answer to an additional interrogatory addressed to Defendant Dr. B. Thiessen ("Thiessen"). (ECF No. 83).  On December 4, 2018, Plaintiff filed a declaration with the Court stating that he has not been given certain documents he requested in previously filed motions to compel that were not discussed at the October 24, 2018 discovery conference. (ECF No. 81).

On December 6, 2018, Plaintiff filed an opposition to Defendants' MSJ. ("Opp.", ECF No. 80).  Defendants did not file a reply.

On December 27, 2018, the Court denied Plaintiff's motions to compel, for sanctions, and for additional interrogatory. (ECF No. 86).  On January 8, 2019, Plaintiff filed objections to the magistrate judge's Order denying his discovery motions. (ECF No. 94).  Defendants did not reply.

On February 19, 2019, pursuant to 28 U.S.C. § 636(b)(1), the magistrate judge filed the instant R&R recommending that this Court grant Defendants' MSJ. ("R&R", ECF No. 89).  Specifically, the magistrate judge recommended that Defendants' MSJ be granted as

to Plaintiff's Eighth Amendment claim against Defendant Solis, denied as to Plaintiff's Eight Amendment claim against Defendants Thiessen and Lopez, and granted on exhaustion grounds as to all claims and all Defendants in Plaintiff's Complaint. (*Id.*)  On March 3, 2019 and March 10, 2019, Plaintiff filed objections to the R&R. (ECF Nos. 91, 92).  Defendants did not file objections to the R&R or file a reply to Plaintiff's objections.

## LEGAL STANDARD

### I. Objections To The R&R

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  When a party objects to the magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).  The party objecting to the magistrate judge's findings and recommendation bears the responsibility of specifically setting forth which of the magistrate judge's findings the party contests. *See* Fed. R. Civ. P. 72(b).  The district court need not review *de novo* those portions of a report and recommendation to which neither party objects. *See Wang. v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (*en banc*).  It is well-settled that a district court may adopt those portions of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### II. Administrative Exhaustion

The Prison Litigation Reform Act ("PLRA") imposes requirements on prisoners who wish to bring a lawsuit in federal court.  Pursuant to PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "PLRA's exhaustion

requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules…." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). However, an inmate is required to exhaust only those remedies that are available. *Booth*, 532 U.S. at 738. For a remedy to be "available," there must be the "possibility of some relief…." *Id.* That is, "a remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'" *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (quoting *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005)). If prison officials inform the prisoner that he cannot file a grievance, the formal grievance proceeding is not "available" within the meaning of 42 U.S.C. § 1997e. *See Brown*, 422 F.3d at 937.

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). Defendants must first prove that there was an available administrative remedy, and that Plaintiff did not exhaust that available remedy. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino*, 747 F.3d at 1172 (quotation marks omitted)). The burden then shifts to Plaintiff to show that something in his particular case made the existing and generally available administrative remedies effectively unavailable to him. *Id.* The ultimate burden of proof on the issue of exhaustion remains with Defendants. *Id.*

California state prison inmates are required to complete three levels of appeals to exhaust all available administrative remedies: the first level of review by an appeals officer; the second level of review by the institution head or designee; and the third level of review by the Chief of Appeals for the California Department of Corrections and Rehabilitation ("CDCR"). Cal. Code Regs. tit. 15, § 3084.7. Inmates must submit their initial appeal within 30 calendar days of "[t]he occurrence of the event or decision being appealed, or . . . first having knowledge of the action or decision being appealed." *Id.* at § 3084.8(b).

Inmates must also submit their appeals to higher levels of review within 30 calendar days of receiving the first or second-level appeal decision. *See id*.  Only a third-level decision exhausts all available administrative remedies, while a cancellation or rejection of the third-level appeal is not exhaustive. *Id*.

# DISCUSSION

## I. Exhaustion of Administrative Remedies

Defendants argue that Plaintiff failed to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a) under the PLRA. (MSJ at 21-25).  Defendants contend that Plaintiff never submitted an administrative appeal based upon the allegations in this case. (*Id.* at 23).  Rather, RJD's records show that Plaintiff only submitted appeal no. RJD-x-16-03530 ("Appeal 3530"), concerning other events that allegedly occurred on July 14, 2016, between two correctional officers who are not named in Plaintiff's complaint. (*Id.* at 23). In opposition, Plaintiff contends he did submit an appeal for the allegations in this case, but it was lost in the mail. (Opp. at 19-24).  Furthermore, Plaintiff argues that administrative remedies were made unavailable to him and, therefore, administrative exhaustion should be excused. (*Id.*)

### a. Magistrate Judge's Findings

The magistrate judge recommended granting the MSJ due to Plaintiff's failure to exhaust administrative remedies. (R&R at 40-41).  The magistrate judge determined that Defendants provided sufficient evidence demonstrating that Plaintiff did not submit an administrative appeal for the specific allegations and named Defendants involved in this case. (*Id.* at 37).

Despite Plaintiff's declaration that he mailed his appeal to RJD's Warden because the appeals dropbox in his housing unit was damaged, and he had mailed other appeals successfully to the Warden, the magistrate judge determined that mailing the appeal to the Warden was not the proper procedure for submitting an appeal, and Plaintiff did not give a reason why he could not address the envelope to the appeals coordinator as required by the procedural rules. (Opp. at 19; R&R at 37-38).  Additionally, the magistrate judge found

that the Warden's office would have forwarded any appeal to the appeals coordinator's office, but no appeals concerning the allegations in Plaintiff's complaint were received. (R&R at 38). The magistrate judge deemed Plaintiff's allegations that his "every attempt to introduce the issues of this civil action into the administrative appeals system were obstructed, obfuscated, and rebuffed by prison officials, leaving [him] with no available administrative remedy," as conclusory without sufficient evidentiary support. (*Id.* at 39).

In addition, the magistrate judge found that Plaintiff's failure to exhaust administrative remedies could not be excused, because Plaintiff failed to present evidence that specific RJD officials thwarted him from taking advantage of the appeals process or that RJD's administrative procedures operate as a simple dead end, such that remedies were effectively unavailable. (*Id.* at 39-40). The magistrate judge further found that Plaintiff's failure to exhaust could not be excused under *Ellis v. Navarro*, because Plaintiff failed to take the "reasonable and appropriate" step of resubmitting his original appeal to the appeals coordinator as advised by the Office of the Inspector General ("OIG") once he learned the appeal was never received. 2011 WL 845902, at *1 (N.D. Cal. March 8, 2011) ("A federal court may nonetheless excuse a prisoner's failure to exhaust if the prisoner takes 'reasonable and appropriate steps' to exhaust administrative remedies but prison officials render administrative relief 'effectively unavailable.'" (citing *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010))). (R&R at 39-40).

### b.     Plaintiff's Objections to the R&R

Plaintiff objects to the magistrate judge's finding that he failed to exhaust administrative remedies on the following four grounds.

First, Plaintiff argues that prison officials misrepresented the appeals system and thereby prevented him from properly exhausting administrative remedies. (ECF No. 92 at 2-3). Plaintiff argues prison officials never communicated to him that mailing an appeal to the Warden was unacceptable, and in fact, at least two of his appeals were accepted after initially being mailed to the Warden: appeal number RJD-x-16-3029 ("Appeal 3029"), which was mailed to the Warden on July 19, 2016, and Appeal 3530, which was mailed to

the Warden on August 14, 2016. (Opp. at 92; ECF Nos. 91 at 7, 23; 92 at 2, 18-21). Plaintiff argues that if the Court finds Plaintiff's attempt to submit his appeal via mail was improper, then the Court must also find that prison officials misrepresented the submission process of an appeal, and summary judgment should be denied under *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016) ("[E]xhaustion is not required . . . when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"). (ECF No. 92 at 3).

Second, Plaintiff argues that administrative remedies were made unavailable to him. (ECF Nos. 91; 92 at 3-8). On September 25, 2016, Plaintiff submitted appeal number RJD-x-16-04433 ("Appeal 4433") claiming that he had not received acknowledgment for the two appeals he mailed to the Warden concerning the events of July 14, 2016. (ECF No. 92 at 3-4). Plaintiff argues that since prison officials consistently rejected Appeal 4433, stating that it was "not an appeal," Plaintiff was thereby denied a meaningful investigation into mail tampering that may have revealed the original appeal Plaintiff allegedly submitted regarding his Eighth Amendment claims. (*Id.* at 3-5). Plaintiff further argues that because prison officials failed to provide him with a secure method of submitting an appeal, in the face of a damaged and inoperable "designated appeal dropbox," Plaintiff was forced to submit the appeal via mail. (*Id.* at 8-9).

Third, Plaintiff argues that prison officials were provided adequate notice of the allegations in his complaint. (*Id.* at 10-11). In support, Plaintiff cites *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005) (citing *Porter*, 534 U.S. at 525 ("*Porter* summarized [the purpose of the PLRA] as 'afford[ing] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'")). (*Id.* at 10). Plaintiff alleges that Appeal 4433 "became a dead end upon its cancellation," and he "went on to over-exhaust by filing" appeal number RJD-c-17-1992 ("Appeal 1992") on March 14, 2017. (*Id.* at 10-11). Appeals 4433 and 1992 describe "a refusal of access to health care which resulted in a suicide attempt by [Plaintiff] on 7-14-16." (*Id.* at 10, 23-25, 35-38). Thus, Plaintiff argues, prison officials received adequate notice of the allegations in

his complaint and therefore waived the exhaustion requirement of the PLRA. (*Id.* at 10).

Lastly, Plaintiff argues that the R&R is inaccurate. (*Id.* at 11). Plaintiff disputes the magistrate judge's finding that he failed to resubmit his original appeal as advised by the OIG because the letter from the OIG did not advise him to resubmit his appeal concerning the issues in this case. (*Id.* at 11-12, 46-47). Furthermore, Plaintiff asserts that any informal advice from the OIG, who declined to intervene, is outside the CDCR process, and that to file an appeal 30 days after an incident is a violation of the same process. (*Id.* at 11-12). Plaintiff argues the magistrate judge erred upon finding that Appeal 4433 was rejected at the second and third levels, because Appeal 4433 was rejected at the first level and never reviewed at the later levels. (*Id.* at 11-13).

### c. Analysis

According to Plaintiff, he submitted two appeals related to July 14, 2016. The first appeal was mailed to RJD's Warden on July 28, 2016 and concerned Defendants and the events material to this case. (Opp. at 6, 19). Plaintiff provided a postage-paid envelope addressed to the Warden to Correctional Officer R. Briones, to be processed as confidential mail. (*Id.* at 19; ECF No. 91 at 9). On the same day, Plaintiff submitted a CDCR 22 form requesting he be notified once his appeal was received. (ECF No. 91 at 9). The second appeal, Appeal 3530, concerning individuals and events unrelated to this case, was mailed to the Warden on August 14, 2016. ("Self Decl.", ECF No. 71-7 at 9-12; "Voong Decl.", ECF No. 71-10 at 9-12).

On September 26, 2016, and May 2, 2017, Plaintiff received correspondence from RJD's Warden regarding his appeals. (Opp. at 92; ECF No. 92 at 40-42). Both letters explained that Plaintiff's resubmission of his original appeal may be time barred. (*Id.*) The May 2, 2017 letter was the first notice that Plaintiff's appeal concerning access to healthcare was never received. By the time he was notified that his appeal was not received, the 30 days had lapsed. Therefore, the administrative remedy was no longer available to Plaintiff when he was notified that his appeal was not received, as it would have been impossible for him to comply with the 30-day rule. Once the remedy is no

longer available to Plaintiff, the remedy is unavailable, and the exhaustion requirement is excused. *See Albino*, 747 F.3d at 1171 ("An inmate is required to exhaust only *available* remedies[,] [and] [t]o be available . . . 'as a practical matter'[,] it must be 'capable of use; at hand.'" (quoting *Brown*, 422 F.3d at 937)).

Defendants rely on the declarations of prison officials to support their position that Defendants had no RJD record of receiving Plaintiff's alleged appeal.  It does not, however, prove that Plaintiff failed to submit his appeal.  While such RJD records may be probative of Plaintiff's failure to exhaust remedies, they are also probative of Plaintiff's appeal being lost in the mail.  The record shows that the appeals dropbox in Plaintiff's housing unit was damaged as of July 26, 2016 and was not repaired until April 18, 2017. (Opp. at 140).  The record does not suggest Plaintiff was provided notice of an available established, alternative procedure to submit his appeal.

Furthermore, the PLRA and California Code of Regulations required Plaintiff to submit his appeal within 30 days of the July 14, 2016 event.  But the rules governing the grievance process are silent as to what an inmate is to do when the designated appeals dropbox is broken, the mailed appeal gets lost, and the 30 days to file or refile has lapsed.

The Court finds that Plaintiff took the necessary available steps to exhaust the remedies available to him.  The Court further finds that Plaintiff has met his burden of production, showing that the standard procedural appeals process essentially operated as a dead end and was therefore effectively unavailable to Plaintiff such that Plaintiff's failure to exhaust should be excused.  Accordingly, Plaintiff's objection to the R&R that he failed to exhaust administrative remedies is **SUSTAINED**.  As such, the Court **DECLINES TO ADOPT** the portion of the R&R that finds Plaintiff failed to exhaust administrative remedies for the allegations in Plaintiff's complaint and therefore **DENIES** Defendant's MSJ on Defendant's administrative exhaustion argument.

## II. Eighth Amendment Claim

### a. Defendant Solis

Defendant Solis worked as a correctional officer in the mental health building at RJD

on July 14, 2016. (MSJ at 13). Plaintiff alleges that Defendant Solis was deliberately indifferent to his serious medical needs because he banned Plaintiff from attending a mental health group therapy session on July 14, 2016. (Compl. at 6, 9; Opp. at 17-19). Plaintiff alleges he was informed by Defendant Lopez that Defendant Solis did not want Plaintiff to attend group therapy, thereby interfering with his mental health care. (*Id.*) As a result, Plaintiff started to experience deteriorating mental stability, which led to his suicide attempt. (*Id.*) Defendant Solis declared he did not ban Plaintiff from group therapy or tell any RJD staff member that Plaintiff could not attend therapy. (MSJ at 13, 17, 21). Defendant Solis argues that Plaintiff cannot establish he was subjectively culpable in allegedly violating Plaintiff's Eighth Amendment rights and, therefore, is entitled to summary judgment. (*Id.* at 21).

The magistrate judge found that the only evidence Plaintiff submitted to contradict the evidence presented by Defendant Solis was based on inadmissible hearsay. (R&R at 25). Consequently, the magistrate judge found that Defendants are entitled to summary judgment as to Plaintiff's Eighth Amendment claim against Defendant Solis. (*Id.* at 22-26). Plaintiff did not object to this portion of the R&R, and the Court finds no error in it. Accordingly, the portion of the R&R addressing Plaintiff's Eighth Amendment claim against Defendant Solis is hereby **ADOPTED**.

### b. Defendants Thiessen and Lopez

Defendant Thiessen is a staff psychologist at RJD, while Defendant Lopez is a correctional officer. (MSJ at 8, 24). Defendant Thiessen first met with Plaintiff on July 14, 2016 in the dayroom of the housing unit after he received word that Plaintiff was presenting a "management issue." (*Id.* at 9). Plaintiff expressed frustration that he was not allowed to attend group therapy and wanted to know why. (*Id.*) Defendant Thiessen told Plaintiff that he would investigate and return with more information. (*Id.*) Defendant Thiessen returned to the dayroom to meet with Plaintiff, as promised, but abruptly left because he was having trouble breathing and speaking due to pepper spray fumes in the building. (*Id.* at 11). As Defendant Thiessen was walking across a yard and approaching a gate guarded by

Defendant Lopez, he saw Plaintiff following him and heard Plaintiff yelling something. (*Id.* at 11, 15). Defendant Thiessen felt "threatened" because he did not see anyone else in the yard, and Plaintiff was "obviously upset." (*Id.* at 11). Defendant Lopez quickly opened the gate for Defendant Thiessen and stopped Plaintiff from going any further. (*Id.* at 11, 15-16). Plaintiff expressed to Defendants Thiessen and Lopez at the gate that he intended to return to his cell and attempt suicide by cutting his wrist. (*Id.* at 15; R&R at 31). Plaintiff declared that his statement was meant to be heard and taken seriously by Defendants Thiessen and Lopez because he wanted to be restrained. (R&R at 31). Defendant Thiessen then determined that Plaintiff needed to be admitted to the Mental Health Crisis Bed Unit. (MSJ at 11). However, Defendants Thiessen and Lopez left Plaintiff alone at the gate, unrestrained, while they went inside a building. (*Id.* at 16). Plaintiff then went back to his cell and cut his wrist. (*Id.*)

Defendants argue that there is no evidence Thiessen or Lopez ignored or were indifferent to Plaintiff's mental health needs. (*Id.* at 19-21). Defendants further argue that Plaintiff cannot establish they were subjectively culpable in allegedly violating Plaintiff's Eighth Amendment rights and, therefore, are entitled to summary judgment. (*Id.*) In opposition, Plaintiff argues that the evidence shows Defendants Thiessen and Lopez were deliberately indifferent to Plaintiff's serious medical needs. (Opp. at 7-17). Plaintiff alleges Defendant Thiessen had actual knowledge of a substantial risk of serious harm and did not intend to have Plaintiff admitted to the Mental Health Crisis Bed Unit. (*Id.* at 8, 12-14). Plaintiff further argues that Defendant Lopez disregarded actual knowledge of a substantial risk of serious harm and deliberately denied Plaintiff access to therapy. (*Id.* at 16-17).

The magistrate judge found that Plaintiff has established there are triable issues of fact regarding the Eighth Amendment claims against Defendants Thiessen and Lopez. (R&R at 26-32). Specifically, the magistrate judge found that there are triable issues of fact as to whether Defendants Thiessen and Lopez disregarded prison/mental health staff protocol after they learned that Plaintiff was threatening immediate suicide. (*Id.* at 31-32). The magistrate judge determined that genuine issues of fact exist as to whether Defendant

Thiessen was deliberately derelict in his duty to prevent Plaintiff from attempting suicide by ensuring his placement in a holding module as required by prison protocol. (*Id.* at 32). Likewise, the magistrate judge found genuine issues of fact exist as to whether Defendant Lopez shirked his duties and deliberately failed to restrain Plaintiff after he verbalized his suicidal state to him. (*Id.*) The magistrate judge found that Plaintiff has presented sufficient evidence that could support a jury verdict that Defendants Thiessen and Lopez were deliberately indifferent to Plaintiff's serious mental health needs. (*Id.* at 26). Neither party objected to this portion of the R&R, and the Court finds no error in it. Accordingly, the portion of the R&R addressing Plaintiff's Eighth Amendment claims against Defendants Thiessen and Lopez is hereby **ADOPTED**.

## PLAINTIFF'S DISCOVERY OBJECTIONS

### I. Legal Standard

A party may object to a non-dispositive pretrial order of a magistrate judge within 14 days after service of the order. Fed. R. Civ. P. 72(a). The magistrate judge's determination of such matters is entitled to deference unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (discretionary non-dispositive pre-trial matters by magistrate judge are reviewable for clear error); *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990) (factual determinations made in connection with sanction award are reviewable for clear error). This standard requires "a definite and firm conviction that a mistake has been committed." *Security Farms v. Int'l Brotherhood of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997).

The "contrary to law" standard applies to review of purely legal determinations by a magistrate judge. *See, e.g.*, *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as to matters of law."); *Med. Imaging Centers of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 719 (S.D. Cal. 1996)

("Section 636(b)(1) . . . has been interpreted to provide for *de novo* review by the district court on issues of law."). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cnty. of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)).

## II. Discussion

### a. Motion to Compel and For Sanctions

Plaintiff filed a motion to compel seeking production of the following documents: (1) Any documents from the CDCR and/or from California Correctional Health Services discussing any policies or training materials on inmate manipulation; (2) documents identifying which sound alarm was used in direct response to his suicide attempt; (3) the incident report related to his July 14, 2016 suicide attempt; and (4) the contents of confidential mail addressed to RJD's Warden (602 inmate appeal) and any communications between the CDCR Office of Internal Affairs and the RJD Warden's Office regarding Plaintiff's attempts to exhaust his administrative remedies. (ECF No. 86 at 2).

### b. The Magistrate Judge's Findings

The magistrate judge denied Plaintiff's motion to compel and denied Plaintiff's request for sanctions after determining that Defendants adequately responded to Plaintiff's discovery requests. (*Id.* at 1-3). With respect to Plaintiff's request for production of documents relating to policies or training materials on inmate manipulation, the magistrate judge found that neither Defendants, CDCR, nor the California Correctional Health Care Services had any direct policies or training materials on inmate manipulation. (*Id.* at 2-3). Nevertheless, Defendants produced 447 pages of materials that could relate to an inmate's attempt to manipulate staff. (*Id.*) Defendants also produced medical documents relating to the issue of malingering. (*Id.*) Defense counsel also declared that there are no direct training materials or policies regarding manipulation and inmate health care. (*Id.* at 3).

On Plaintiff's request for documents identifying which sound alarm was used in direct response to his suicide attempt, the magistrate judge found that Defendants have

identified the individual who issued a code one alarm regarding Plaintiff's suicide attempt: Sergeant Wilborn, J.A. (*Id.*)

With respect to Plaintiff's request for the incident report related to his July 14, 2016 suicide attempt, the magistrate judge found that Defendants have submitted the treatment report from the California Correctional Health Care Services documenting the incident that occurred on July 14, 2016. (*Id.*)

Lastly, in response to Plaintiff's request for the contents of confidential mail addressed to RJD's Warden and communications between CDCR Office of Internal Affairs and RJD Warden's Office regarding Plaintiff's attempts to exhaust his administrative remedies, the magistrate judge found that Defendants provided Plaintiff with all documents sent by Plaintiff and received by the Warden's office from July 18, 2016 through September 28, 2016. (*Id.*) Defendants responded that the only confidential mail addressed to RJD's Warden from Plaintiff is a staff complaint sent in August 2016, which was produced. (*Id.*) Defendants produced logs of the dates mail was sent to the Warden and records showing that the mail sent to the Warden's office was redirected to the office of internal affairs. (*Id.*) Defendants also produced the third-level appeal decision finding there was no basis to grant the 2016 appeal, which was never assigned a log number, and which was not an official appeal but an inquiry into the processing of two submitted appeals: one was a custody issue; the other a health care issue. (*Id.*)

Accordingly, the magistrate judge found that Defendants substantially complied with all of Plaintiff's timely discovery requests, including those made in his motions to compel filed on April 2, 2018, May 8, 2018, and September 4, 2018. (*Id.*) Consequently, Plaintiff's motions to compel and for sanctions were denied as moot. (*Id.*)

      **c.**    **Plaintiff's Objections**

Plaintiff objects to the magistrate judge's finding that Defendants have substantially complied with all of Plaintiff's timely discovery requests. (ECF No. 94 at 2). Plaintiff alleges that Defendants failed to produce 1) "any documents that identify by letter(s), number(s) or otherwise the [personal alarm device] that was activated at approximately

1135 hours and 1355 hours on July 14, 2016, 2) the CDCR 837-C incident report relating to Plaintiff's suicide attempt, 3) "documents that identifies which housing unit officer was responsible for which personal alarm device on July 14, 2016, and 4) documents that detail training by CDCR employees regarding inmate manipulation. (*Id.* at 3-9). In sum, Plaintiff contends Defendants' responses are incomplete and argues that Defendants are in violation of the Federal Rules of Civil Procedure. (ECF No. 94).

### d. Analysis

The Court finds that the magistrate judge's Order is neither clearly erroneous or contrary to law, as the magistrate judge conducted a thorough and cogent analysis of the issues presented by Plaintiff's discovery motions. Moreover, Plaintiff did not object to the magistrate judge's Order on Plaintiff's motion for additional interrogatory. Accordingly, Plaintiff's objections to the magistrate judge's Order denying Plaintiff's motions to compel and for sanctions is **OVERRULED**.

## CONCLUSION AND ORDER

For the foregoing reasons IT IS HEREBY ORDERED:

1. The Court **SUSTAINS** Plaintiff's objections to the R&R relating to administrative exhaustion, (ECF Nos. 91, 92), and **DOES NOT ADOPT** this portion of the R&R;

2. All portions of the R&R, (ECF No. 89), not specifically objected to by Plaintiff are **ADOPTED**;

3. The Court **ADOPTS** the magistrate judge's findings as to Defendants' MSJ relating to Plaintiff's Eighth Amendment claims;

4. Defendant's MSJ, (ECF No. 71), is **GRANTED IN PART** and **DENIED IN PART**. The MSJ is **GRANTED** as to Plaintiff's Eighth Amendment claim against Defendant Solis. The motion is otherwise **DENIED**; and

///
///
///

5. Plaintiff's objections to the magistrate judge's Order denying Plaintiff's motion to compel, motion for sanctions, and motion for additional interrogatory, (ECF No. 94), are **OVERRULED**.

**IT IS SO ORDERED.**

DATED:  March 29, 2023

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE