UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC EUGENE GREEN,<br><br>                                  Plaintiff,<br><br>    vs.<br><br>DR. B. THIESSEN, et al.,<br><br>                                  Defendants. | Case No.: 3:17-cv-01156-JAH-BLM<br><br>**ORDER APPOINTING PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) AND S.D. Cal. Gen. Order 596** |

Plaintiff Cedric Eugene Green, proceeding without counsel and *in forma pauperis*, filed a Complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983, on June 7, 2017, while he was incarcerated. ("Compl.", ECF No. 1.) He has since been released, but alleges a staff psychologist and two correctional officers at Richard J. Donovan Correctional Facility acted with deliberate indifference to his health and safety in violation of the Eighth Amendment. (*Id.* at 1–10.) Green claims that on July 14, 2016, Defendants either prevented or denied him access to mental health care, and that he attempted suicide by cutting his left wrist with a razor blade as a result. (*Id.* at 2–12.)

I.    **Procedural History**

On March 29, 2023, the Court adopted in part the Magistrate Judge's Report and Recommendation and granted in part and denied in part Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. (*See* ECF No. 98.) Specifically, the Court granted

summary judgment as to Green's Eighth Amendment claims on behalf of Defendant Solis, but found genuine disputes of material fact requiring a trial on the merits as to the Eighth Amendment violations he alleges were committed by Defendants Thiessen and Lopez. (*See id.* at 10–13, 16.)

At a status conference held on May 31, 2023, Green requested that the Court refer his case to its Pro Bono Panel pursuant to S.D. Cal. Gen. Order 596, and appoint volunteer counsel to represent him at trial. (*See* ECF No. 101.)

## II. Appointment of Counsel

While there is no right to counsel in a civil action, a court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The court must consider both "'the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

While Green has so far demonstrated an ability to articulate his claims and to partially survive summary judgment while proceeding without counsel, his likelihood of success on the merits—at least with respect to his remaining Eighth Amendment claims against Defendants Thiessen and Lopez—increased as a result of the Court's March 29, 2023 Order. *Cf. Garcia v. Smith*, 2012 WL 2499003, at *3 (S.D. Cal. 2012) (finding it "too early to determine the likelihood of success on the merits" when it was "not certain whether plaintiff's complaint would survive [defendant's pending motion for] summary judgment.").

Thus, in light of the impending trial, the Court has elected to exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1), and requested volunteer pro bono counsel for purposes of representing Green at trial under the provisions of this Court's "Plan for the Representation of Pro Bono Litigation in Civil Case filed in the Southern District of California," and General Order 596.

      The Pro Bono Plan specifically provides for appointment of pro bono counsel "as a matter of course for purposes of trial in each prisoner civil rights case where summary judgment has been denied." *See* S.D. Cal. Gen. Order 596. While Green is no longer incarcerated, he was a prisoner throughout the course of this litigation, remains indigent now, and has partially overcome Defendants' efforts to seek entry of summary judgment in their favor. Thus, because the ends of justice would be served by the appointment of pro bono counsel under the circumstances, the Court randomly referred Green's case to a volunteer attorney on the Court's Pro Bono Panel, and that volunteer has since graciously agreed to represent Green pro bono during the course of all further proceedings held before this Court in this case. *See* S.D. Cal. Gen. Order 596.

### III. Conclusion

      For the reasons discussed, the Court **APPOINTS** Daniel A. Kaplan, SBN 179517, of the Law Offices Daniel A. Kaplan of Esq., 555 W Beech Street, Suite 500, San Diego, California 92101-2995, as Pro Bono Counsel for Plaintiff Cedric Eugene Green.

      Pursuant to S.D. Cal. CivLR 83.3.f.2, Pro Bono Counsel will file, within fourteen (14) days of this Order, if possible, a formal written Notice of Substitution of Attorney signed by both Plaintiff Green and his newly appointed counsel. This Notice of Substitution will be approved by the Court upon filing, and Pro Bono Counsel will thereafter be considered attorney of record for Mr. Green for all purposes *during further proceedings before this Court, in this matter only, and at the Court's specific request*. *See* S.D. Cal. CivLR 83.3.f.1, 2.[1]

---

[1] Green is cautioned that the Court's Pro Bono Panel is a precious and limited resource. The fact that the Court has found this case suitable for appointment at this stage of the proceedings, and has been able to locate an available volunteer attorney does not entitle him to the appointment of counsel in this or any other case. Nor does it permit him an attorney of his choosing, or guarantee any subsequent Pro Bono Panel referral or appointment. *See Hedges v. Resolution Trust Corp (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation

 The Court further **DIRECTS** the Clerk of the Court to forward Mr. Kaplan a copy of this Order upon entry in CM/ECF to dkaplan@danielkaplanlaw.com and to also serve Mr. Kaplan with a copy via U.S. Mail at the address listed above upon filing. *See* S.D. Cal. CivLR 83.3.f.2.

**IT IS SO ORDERED**.

Dated: July 31, 2023

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

---

omitted); *United States ex rel Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (noting that the appointment of counsel in a civil case "is a privilege and not a right.").